UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX BALDERAS,<br><br>Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security Administration,<br><br>Defendant. | Civil No. EDCV 04-0572 (Mc)<br><br>MEMORANDUM OF DECISION AND ORDER IN A SOCIAL SECURITY CASE |

The plaintiff, Alex Balderas, filed the present action for review of a final determination of the Commissioner of Social Security (the "Commissioner"). For the reasons set forth below, the court finds that there is not substantial evidence in support of the decision of the Commissioner. The court, therefore, remands this matter to the Commissioner for further proceedings.

**BACKGROUND**

The plaintiff filed an application for Supplemental Security Income disability benefits under the Social Security Act (the "Act") on March 12, 2001. [Administrative Record ("AR") 55.] The Commissioner denied the application initially and on reconsideration. [AR 32, 33,

34.] At the plaintiff's request, administrative hearings were held before Administrative Law Judge F. Keith Varni (the "ALJ") on June 11, 2002, December 18, 2002 and August 13, 2003. [AR 437, 457, 468.] On August 29, 2003, the ALJ filed a decision concluding that the plaintiff was not under a disability, as defined in the Act, at any time through the date of the decision. [AR 11.] Thereafter, the Appeals Council denied the plaintiff's request for review of the ALJ's decision. [AR 5.] The decision of the ALJ stands as the final decision of the Commissioner.

Thereafter, the plaintiff filed the present action. The plaintiff and the Commissioner have consented to proceed before a United States Magistrate Judge. The parties have entered into a Joint Stipulation setting forth their arguments.

**STANDARDS OF REVIEW**

The court must sustain the findings of the Commissioner unless: (a) they are not supported by substantial evidence in the record as a whole; or (b) the Commissioner applied an improper legal standard. See 42 U.S.C. § 405(g); Gordon v. Secretary of Health and Human Services, 803 F.2d 1071, 1072 (9th Cir. 1986). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 576 (9th Cir. 1988). "Substantial evidence" is evidence a "reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. at 402; Gordon v. Secretary of Health and Human Services, 803 F.2d at 1072.

This Court must review the record as a whole and consider adverse as well as supporting evidence. See Green v. Heckler, 803 F.2d 528,

529-530 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the court must sustain the Commissioner's decision. See Gallant v Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984).

**THE FIVE-STEP SEQUENTIAL EVALUATION**

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled. First, the Commissioner determines whether the person is engaged in "substantial gainful activity." If so, the Commissioner denies disability benefits. Second, if the person is not so engaged, the Commissioner determines whether the person has a medically severe impairment or combination of impairments. If the person does not have a severe impairment or combination of impairments, the Commissioner denies benefits. Third, if the person has a severe impairment, the Commissioner determines whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the Commissioner conclusively presumes that the person is disabled. Fourth, if the impairment does not meet or equal the "listed impairments," the Commissioner determines whether the impairment prevents the person from performing past relevant work. If the person can perform past relevant work, the Commissioner denies benefits. Fifth, if the person cannot perform past relevant work, the burden shifts to the Commissioner to show that the person is able to perform other kinds of work. The person is entitled to disability benefits only if he is unable to perform other work. See 20 C.F.R. § 404.1520; Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

\\\

\\\

**FINDINGS OF THE ALJ**

The plaintiff was born on July 1, 1953. [AR 32, 51, 417.] The plaintiff has an eleventh grade education. [AR 73, 115.] The plaintiff last worked as a plasterer in 1990. [AR 68.] The plaintiff alleges that he is unable to work because of asthma, arthritis in his left knee and right shoulder, diabetes, anxiety and depression. [AR 48, 442.]

The ALJ found that the plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. [AR 15.] The ALJ found that the medical evidence established that the plaintiff had severe impairments of the musculoskeletal system, from non-insulin dependent diabetes mellitus and asthma. [AR 15.] The ALJ found that the plaintiff did not have a severe mental impairment. [AR 13.] The ALJ concluded that the plaintiff did not have an impairment or combination of impairments listed, or medically equal to one listed in the Act's listing of impairments[1]. [AR 15.] See 20 C.F.R. Pt. 404, Subpt. P, [The petitioner]. 1.

The ALJ found that the plaintiff had the residual functional capacity to perform "a limited range of medium work or light work." [AR 15.] The ALJ found that the plaintiff could perform work as a cook's helper, packager, kitchen helper, small products assembler, bench assembler and inspector/packer and that there were "thousands" of these jobs in the regional economy. [AR 14-15.] The ALJ concluded

\\\

\\\

---

[1] The Act's listing of impairments sets forth certain impairments which are presumed to be of sufficient severity to prevent the performance of work. 20 C.F.R. § 416.925(a).

that the plaintiff was not under a disability, as defined by the Social Security Act, at any time through the date of the decision. [AR 15.]

**THE PLAINTIFF'S CONTENTIONS**

1. The plaintiff contends that the ALJ improperly rejected the plaintiff's subjective symptom testimony. [Joint Stipulation, p. 3.][2]

2. The plaintiff contends that the ALJ failed properly to develop the record. [Joint Stipulation, p. 6.]

**DISCUSSION**

**The Plaintiff's Subjective Symptom Testimony**

The plaintiff testified that he suffered from asthma, problems with his right shoulder and left knee, diabetes, anxiety and depression. [AR 442.] At the December 18, 2002 hearing, the plaintiff testified that he could stand for 15 to 20 minutes, walk up to two to three blocks. [AR 469-470.] The plaintiff testified that he could lift up to 20 or 25 pounds but that this would cause pain. [AR 470.] The plaintiff testified that he could lift small objects. [AR 470-471.] The plaintiff testified that he could not push or pull or walk up stairs. [AR 471.]

At the August 13, 2003 hearing, the plaintiff testified that he could lift up to 15 pounds but could not lift anything over his head,

---

[2] The court notes that, under the headings, "Statement of Disputed Issues" and "Issues and Contentions," the parties indicate that the plaintiff's first contention is "Whether the ALJ failed to properly consider the opinion of the treating physician." [Joint Stipulation, p. 2-3.] However, the parties did not discuss this contention. Instead, the parties discussed whether the ALJ properly rejected the petitioner's subjective symptom testimony. [Joint Stipulation, p. 3-6.] It appears that the parties' statement that the ALJ's consideration of the opinion of the treating physician was at issue is a typographical error.

could stand and sit for up to 30 minutes and walk up to two blocks. [AR 443.] The plaintiff testified that he could not kneel or squat. [AR 447.] The plaintiff also testified that he is allergic to grass, pollen, dust, and diesel and gasoline fumes. [AR 445.] The plaintiff also testified that he sometimes cannot be around people "too much." [AR 445.]

The ALJ found, "The claimant's subjective complaints do not credibly establish a residual functional capacity less than that found herein." [AR 15.] The ALJ did not provide any further specific discussion about the credibility of the plaintiff's subjective complaints. The ALJ found that the plaintiff could lift and carry 50 pounds occasionally and 25 pounds frequently mostly using his left arm, sit without restriction, stand and walk up to six hours in an eight-hour day, and kneel and squat only occasionally. [AR 14, 415.] The ALJ found that the plaintiff could not do heavy overhead lifting with his right arm. [AR 14, 415.]

The plaintiff contends that the ALJ improperly failed "to discuss any of the specific testimony that was given by the plaintiff at his hearing." [Joint Stipulation, p. 4.]

A plaintiff who alleges disability based on subjective symptoms must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the symptoms alleged; if the plaintiff fails to produce such evidence, the Commissioner may decide to disregard the allegations entirely. See Cotton v. Bowen, 799 F.2d 1403, 1407-08 (9th Cir. 1986); Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991). The Cotton test requires only that the causal relationship between the impairment and the symptom be a reasonable inference, not a medically proven phenomenon. The

plaintiff only needs to show that the impairment could reasonably have caused some degree of the symptom. See Howard v. Heckler, 782 F.2d 1484, 1488 (9th Cir. 1986)(noting that the Ninth Circuit has "never required that the medical evidence identify an impairment that would make the pain inevitable").

The ALJ may not reject subjective symptom testimony under the Cotton analysis simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged. See Bunnell, 947 F.2d at 345-347; Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996). Once the plaintiff has satisfied the Cotton test and there is no evidence of malingering, the ALJ may reject the plaintiff's testimony regarding the severity of the symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Smolen, 80 F.3d at 1281 (citing Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993)). The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion. Id.

In order to determine whether the plaintiff's testimony regarding the severity of his or her symptoms is credible, the ALJ may consider the following, for example: (1) ordinary techniques of credibility evaluation, such as the plaintiff's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the plaintiff that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the plaintiff's daily activities. Smolen, 80 F.3d at 1284; see, e.g., Fair v. Bowen, 885 F.2d 597, 602-04 (9th Cir. 1989); Bunnell, 947 F.2d 341, 346-47 (9th Cir. 1991). The ALJ must also consider other factors including the

nature, location, onset, duration, and frequency of the plaintiff's symptoms, precipitating and aggravating factors, functional restrictions caused by the symptoms, type, dosage, effectiveness and side-effects of any medications, treatment other than medication, and other measures used to relieve symptoms. See Smolen, 80 F.3d at 1284; Bunnell, 947 F.2d at 346; 20 C.F.R. 404.1529(c)(3); Social Security Ruling 96-7p.

The ALJ found that the medical evidence established that the plaintiff had severe impairments of the musculoskeletal system, non-insulin dependent diabetes mellitus and asthma. These impairments could reasonably be expected to produce the symptoms alleged by the plaintiff, i.e., pain in his knee and shoulder and wheezing which limited his ability to walk, stand, sit, lift, kneel and squat. The ALJ did not cite any evidence of malingering, thus, the ALJ must make specific findings stating clear and convincing reasons in order to reject the plaintiff's testimony regarding his symptoms. See Smolen, 80 F.3d at 1281. The ALJ here did not make specific findings stating clear and convincing reasons for rejecting the plaintiff's subjective symptom testimony.[3] The ALJ improperly rejected the plaintiff's subjective symptom testimony. This case must be remanded to the Commissioner for further proceedings to make a proper determination regarding the plaintiff's subjective symptom testimony.

\\\

---

[3] The court notes that the ALJ stated that the plaintiff's "Social Security Earnings Record reflects minimal attachment to employment" and, "No treating source has proposed surgery to either the right shoulder or left knee." [AR 14.] However, the ALJ did not make these statements with specific reference to the plaintiff's subjective symptom testimony. These statements do not constitute specific findings regarding the plaintiff's symptoms.

**Development of the Record**

The plaintiff contends that the ALJ failed properly to develop the record. [Joint Stipulation, p. 6.] The plaintiff contends that the ALJ failed fully and fairly to develop the record regarding the opinions of Antonio E.J. Monti, M.D. [Joint Stipulation, p. 6; AR 14, 423-425.]

The opinions of Dr. Monti appear in pre-printed forms provided by the Department of Public Social Services. [AR 423-425.] The ALJ discussed these opinions in his decision. [AR 14.] The ALJ noted that Dr. Monti indicated "through checked boxes that the claimant was temporarily and permanently 'incapacitated from work'." [AR 14.] The ALJ further noted, "The conclusionary forms are not supported by or accompanied by any objective evidence," and, "[T]he forms provide no specific limitations on the claimant's ability to perform work activity." [AR 14.]

An ALJ has a duty fully and fairly to develop the record only when the evidence is ambiguous or "the record is inadequate" to allow proper evaluation of the evidence. See Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001). The record here is not ambiguous or inadequate to allow for proper evaluation of the evidence. As discussed by the ALJ, the record contained internal medicine evaluations from Lilian Chang, M.D., who examined the plaintiff on October 19, 2000, and Rocely Ella-Tamayo, M.D, who examined the plaintiff on May 12, 2003, and psychiatric evaluations from Reynaldo Abejula, M.D., who examined the plaintiff on October 20, 2000, and July 19, 2001. [RT 203, 213, 287, 410.] These evaluations and the other medical records contained in

\\\

the administrative record were sufficient and adequate to allow for proper evaluation of the evidence.

The court also notes that the plaintiff alleges that Dr. Monti is his treating physician. [Joint Stipulation, p. 6.] However, the plaintiff has not presented any evidence indicating that Dr. Monti was the plaintiff's treating physician, i.e., that he provided the plaintiff with medical treatment or evaluation and had an ongoing treatment relationship with the plaintiff. See 20 C.F.R. ss 416.902 (defining treating physician).

The court also notes that, even if Dr. Monti were considered the plaintiff's treating physician, the ALJ properly rejected the opinions of Dr. Monti. See Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) ("the ALJ need not accept a treating physician's opinion which is brief and conclusionary in form with little in the way of clinical findings to support its conclusion" (citation, internal quotation marks and brackets omitted)).

The plaintiff also alleges that the plaintiff was not represented by counsel. [Joint Stipulation, p. 6.] However, the record shows that, while the plaintiff was not represented by counsel on June 11, 2002, the ALJ continued that hearing to allow the plaintiff to obtain counsel and the plaintiff was represented by Daniel Hantman at the hearings held on December 18, 2002 and August 13, 20003. [AR 458, 463, 437.]

The ALJ did not fail properly to develop the record.

**CONCLUSION**

The Court has reviewed the pleadings, motions and memoranda, and the transcript of the record. In accordance with the foregoing discussion, the magistrate judge finds that the plaintiff has shown

good cause for remanding the case to the Commissioner for further proceedings regarding the plaintiff's subject symptom testimony.

**ORDER OF REMAND**

IT IS ORDERED that this case be remanded to the Commissioner of the Social Security Administration pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with the reasons set forth herein.

Dated: November 8, 2005

/s/
JAMES W. McMAHON
United States Magistrate Judge